So we'll turn to the first case, Kearns v. Cuomo. Good morning, Judges Chin, Parker, and Kearney. I'm Kenneth Kirby, attorney for the plaintiff, Michael Kearns. As I shall discuss, Mr. Kearns has sustained an injury, in fact, sufficient to support Article III's standing to bring this action under two independent bases, either of which, standing alone, is sufficient to establish standing at this early pleading stage when satisfying the injury, in fact, Article III's standing requirement is at a low threshold under the John case. First basis is the oath of office basis. This alone provides standing under City of New York v. Richardson. This court upheld the standing of the mayor and the commissioner of New York City acting in their official capacities to bring suit seeking declaratory and injunctive relief finding parts of the New York social services law unconstitutional as violative of the equal protection of the laws under the U.S. Constitution. Let me interrupt you for a minute, please. Am I correct that the oath of office argument was raised only in your reply brief? That's not correct, Your Honor. That's incorrect? The oath of office argument permeates the complaint. We didn't, the amended complaint didn't use that phrase per se, but at paragraph 22 of the amended complaint, for instance, at A197, we asserted, in addition, if Mr. Kearns carries out his duties under the green light law in conflict with and in violation of federal immigration law, he faces the credible threat of federal prosecution. Moreover, if you were to look at page 301 of the record during oral arguments, I specifically raised the problem of the oath of office in those words. I made the argument that because Kearns was going to be forced under the green light law to certify that he would not share any immigration related information about applicants with federal authorities, this was to the detriment of his oath of office that requires him not only to support the New York State Constitution, but also the United States Constitution. Mr. Kearns, could you just explain this credible threat of prosecution? I mean, as I understand it, there's never been a prosecution. There hasn't been a threat of prosecution. It's hard for me to imagine that the federal government would indict the county clerk for complying with state law. So could you just give us your best shot at that? Well, under Pacific Capital Bank v. Connecticut, Your Honor, in that case, analogous to this case, the plaintiff challenged the statute, which if never enforced its statute against anyone, yet this court found Article III standing satisfied because the bank's interpretation of the statute was quote unquote reasonable enough. And under that interpretation, the bank may legitimately fear that it will face enforcement. Turning over to more precisely, what you're asking, I believe, is under Section 1324.8 USC, which makes it unlawful to either in knowingly or recklessly disregard knowledge of an alien's presence. This court has construed that statute to include two elements of the crime. One element is... I'm not sure what you mean when you say disregard knowledge. I mean, I'm not sure what you're arguing there. Well, Your Honor, I'm arguing, I'm pointing out that there's a reckless disregard standard involved with the statute, which criminalizes, basically says if you provide a material benefit to an undocumented alien who's unlawfully present in the country, and you shield him from... I'm not sure that he's even at the counter, but let's... Someone presents information at a counter. How does he know that this person is an undocumented alien? Well, first of all, Your Honor, at a pleading stage, which this is, all that we have to do is plausibly suggest a basis for standing. But at paragraph 34, particularly of the amended complaint at page 200 of the record, he has asserted that it is not unusual for driver's license applicants without being asked to provide Kearns and his staff with information or records regarding their immigration status. This is because the applicants are uncertain about the type of driver's license or learner's permit for which they're eligible, or about the type of records they must provide to obtain a driver's license or permit. Therefore, it's not unusual that Kearns and his staff to have actual knowledge of an applicant's immigration status, irrespective of whether they ask about it. But you would agree that there's nothing in the record, and there's no credible allegation that applicants are required to give any kind of information concerning their immigration status. Well, Your Honor, I respectfully submit that that's not relevant to this standing issue, because whether or not they're required to, the allegation has been made that they do, and it's a reasonable inference to believe that they may continue to do so. Well, your adversaries have taken that on, and it seemed to me to make a reasonably coherent argument that that's just not a plausible allegation. So that's why I would be helped if you could flesh it out a bit. Well, first of all, the court below, I believe, erroneously dismissed that allegation as unlawful. Historically, when people come to the driver's license desk, they're not going to necessarily know the specifics of the green light law or what they do or do not have to bring with them. They're more apt just to come in as members of the public, uninformed of the law, to ask questions. Is this what you need? Is that what you need? Does it matter whether I'm lawful or not? Well, if that's so, how does any of that put your client in jeopardy? Our client is in jeopardy because he's a cog in a legislative scheme that is set up both to provide material benefits and critically give three days' notice to anybody about whom the federal immigration law might ask him, federal immigration authorities might ask him questions. Mr. Kirby, I have a related question. This is Judge Carney, and that bears on Section 1324, but it's a legal question. The statute imposes liability on any person who, knowing or in reckless disregard and so on, harbors the alien. And my review of the law suggests that courts presume that the term person in a federal statute doesn't include a sovereign, doesn't include the state. And yet, your client, Mr. Kern, has authority to issue licenses or not issue licenses only in his position as an agent of the state. In fact, the complaint is full of allegations about his position and his role as obligation in that role, that he is an agent of the state. The Dictionary Act provides a definition of person that doesn't include individuals and companies, but it doesn't include agents of any state or a state or sovereign. A recent case law in the Supreme Court suggested we don't presume that the reference to a person in the statute means a sovereign. What legal basis is there for thinking that your client, as an agent of the state, could be prosecuted under Section 1324? What does the person mean, an agent of the state? He's not only sued, Your Honor, as a county clerk, he has also brought suit in his individual capacity. And in that capacity... That's recited, but he can't take any action in this individual capacity that is related to the statute. He issues the license or he doesn't. That's only as an agent of the state. That's his power. What can he do in his individual capacity that puts him in jeopardy? Well, Your Honor, if he so chooses to... If he were to so choose to disobey the Greenlight Law and nonetheless send information or provide information to the federal authorities, that would be outside what the Greenlight Law contemplated. And then he would potentially be exposed as an individual, even if not exposed as an individual, because he'd be acting outside of any basis on which he'd be entitled to be defended or indemnified by the county. Well, once again, he has access to information and he takes action or disobeys only as clerk. And I take it, if you have any authority for the proposition that any person, any person who harbors or attempts to transport within the meaning of Section 1324, means a state, an agent of the state? Mr. Kirby, you have one minute. So why don't you answer the question and then finish up and you have some rebuttal time. Well, first of all, he has a basis to bring this suit, I believe, either under equity or the supremacy clause under the Tweed and East Hampton cases. And otherwise, I know my time is running short, so I would respectfully ask this court to reverse the district court's decision and order in judgment. Before you sit down, I have one question. Would you agree that it's the commissioner, the DMV commissioner, as opposed to your client, who is the custodian of these records in question? Well, not exactly, Your Honor. In the first instance, the clerk receives these records. And one of the things that the clerk is being required to do that violates 1373A's prohibition against mandating that he maintain records, is he's being told to destroy records as soon as he's finished with authenticating them, the records of the applicants. So in one sense, ultimately, the records may eventually be forwarded up. Well, they may not be actually under this statute. The statute changes things from how they would have been. The statute mandates destruction as soon as possible, which is another basis on which the anti-harboring law is being violated. All right. Go ahead, Judge Parker. Does your client spend any time working the intake counter? Your Honor, he communicates with the staff on a regular basis, the staff who do work the intake counter, but in a county as large as the County of Erie, which is a border county with a lot of driver's license applicants and learner's permit applicants, both lawfully here and not, he is involved more in directing them and in trying, and if he has to direct them in such a way, i.e. destroying records or directing them not to share information that they might happen to learn about immigration status, then he is implicated in violating the anti-harboring statute. But he doesn't work the intake counter, right? It would be a very rare occurrence if he did. I don't believe that it has never happened, but it would be most unusual, as I say, because of the size of the county. All right. Thank you. You have some rebuttal time. We'll hear from the appellees. Good morning, Your Honor. May it please the court, Linda Fang on behalf of the District Court here correctly dismissed this case for lack of subject matter jurisdiction, and that is because plaintiff failed to carry his burden to show a credible threat of criminal prosecution for harboring, and that is so for several reasons. First, the conduct that's required by plaintiff of the act does not come within the anti-harboring statute. The face of the statute criminalizes the physical concealing, harboring, shielding of persons, not the non- specifically the statute says, conceal, harbor, or shield from detection an alien in any place, including in any building or any means of transportation. Congress could have... What about the destruction of documents? Is that not arguably assisting in concealment? No, Your Honor. First of all, as we pointed out in our response brief, that is a new appeal, but there's nothing in the statute that implicates any sort of destruction of documents. These are DNB documents, and the statute is very clear that DNB shouldn't be maintaining the copies of them, except they're only supposed to take the documents and verify the foreign proofs for authentication, and as we pointed out, the way that that's done is similar to how the TSA does at airports. They have authenticating devices that really only work on the original document, so the way that this statute is being administered doesn't implicate any making of any copies of any proof documents at all, and so it doesn't require any destruction. And again, that's not an allegation. I'll help me understand. If one were to go into the county clerk's office to apply for a driver's license, what documentation would... And this is a state ID. What documentation would be asked of the applicant? So under the new provisions of the Act, you can provide a foreign proof of identity, so a foreign passport, a foreign consular document, a foreign driver's license, and you also need to provide either... You need to provide either a ineligibility for a Social Security number, and so these are the types of documents, again, that we argue that would not give rise to any knowledge or reckless disregard of a person's unlawful status, and that is because there are categories of lawfully present persons who are ineligible for a Social Security number who could use these proofs. For example, foreign students without work authorizations or spouses of non-immigrant visa holders, and the Act doesn't limit these types of proofs for use only by undocumented persons. So again, being presented with these types of proofs really would not give rise to actual knowledge and certainly not reckless disregard, which are really the highest levels of mental state for a criminal statute. And again, here, turning back to the language of the statute, there is issuing a driver's license and not reporting that person does not harbor or shield that person because it doesn't reduce the likelihood of that person's detection by authority as compared to the status quo in the absence of the Act. These are persons who are already here in the United States and many cases have been here for years or decades undetected, so issuing those persons' licenses and not affirmatively reporting them to the federal government doesn't substantially help them remain in the U.S. any more than renting that person an apartment or selling that person food. And again, this is a criminal statute, so it really needs to be interpreted in a way that gives clear notice to ordinary people of what is prohibited. And the extraordinarily broad construction that plaintiff has argued for here would be covering the mere non-reporting of immigration status by ordinary citizens for failing to report their neighbors, their customers, or students. And we're simply not aware of any such conduct being prosecuted in the many decades that this statute has been on the books. Ms. Bing, could I ask you to turn to my question that I directed Mr. Kirby about the scope of Section 1324 and the phrase, any person, about to whom that's addressed. It makes criminally liable any person who takes certain acts, the harboring act that you were just referring to. The Erie County Clerk's Office doesn't face any threat of prosecution because it's not a person and not a government entity, but it seemed to me that Mr. Kearns also is able to take any acts that are relevant for present purposes only as an agent of the state. And I wondered whether that observation precludes him being treated as a person subject to liability, whether your argument about the office actually goes farther than you took it. Do you have a position on that? I don't, Your Honor. We had raised the argument both below and on appeal as to sovereigns can't be prosecuted, and there's clear law that Your Honor cited, and we cite in our briefs about that. We did not make the specific argument about it to agents of sovereigns. Is there any obstacle to that? I mean, do you agree that Mr. Kearns is able to take any actions that are relevant to the statute only by virtue of his position as clerk and agent of the state? That is absolutely true, Your Honor. There's no obstacle to applying that argument to preclude the credible threat of prosecution here and to harboring because VTL section 205 is the source of plaintiff's authority to act, and that statute makes clear that county clerks act only as agents of the DMV commissioner as the DMV commissioner directs. So the whole authority for plaintiffs to take any actions to issue driver's licenses and registrations only comes from being an agent of the government. And that may well be the reason why as we point out and Judge Chin noted earlier as well, that's maybe why there have been no prosecutions or even threatened prosecutions for this type of conduct on the part of government officials for any even analogous conduct in administering a licensing and nondisclosure provision. As we point out, these types of provisions are not unique to New York. Many other states have similar licensing and nondisclosure schemes that prohibit the disclosure of personal information of undocumented driver's license applicants. And these laws have been on the books for many years, including a number of years under the current administration. And if I could just turn back to the nondisclosure and notification provisions, which plaintiffs did address. Here, the notification and nondisclosure provisions don't implicate plaintiffs and they can't expose them to criminal liability for harboring either. As the district court correctly noted and consider them separately, it's because those provisions are very functionally and temporally distinct from the licensing conduct. Plaintiffs have no role in implementing the nondisclosure notification provisions. Those provisions apply when there is a request for information that is made to DNB that may occur at any point and is not connected at all to the licensing application process. And again, VTL 205 makes very clear that plaintiffs only has authority to act as the agent of DNB commissioner only for licensing and registration functions, not to process information requests or to issue notices. So if there's a request, it comes into the DMV, not to a county clerk. That's correct. And longstanding DNB policy has always been that county clerks and even field offices are not authorized to accept or respond to information requests from third parties. And again, DNB's pre-existing policies are already prohibited any employee or agents to even access DNB systems to pull up information without a DNB business purpose and enforcing immigration laws is certainly not a DNB business purpose. You're out of time, so why don't you finish up? Can I ask one last question, please? Sure. I wondered whether Ms. Fang has any response to Mr. Kern's argument that he has oath of office standing. Yes, I did want to respond to that. I do want to point out that this new theory, a claim of injury is not pled in the complaint and it's not pled in the amended complaint. That paragraph that Mr. Kirby just read to your honor, when you asked about that, that said a credible threat of prosecution. And that's what was briefed below, was never argued below. It was mentioned in passing to say that's not the argument I'm making in his opening brief. And so we certainly couldn't have waived our response or objection to it. If anything, he's waived that argument here. And so if I could just wrap up here, the strained interpretation that plaintiff has offered, which is extraordinarily broad of a criminal statute, coupled with the fact that he's identified no instances of past prosecution or even a threatened prosecution by government officials, on the part of government officials for this conduct, it demonstrates that the threat of prosecution here is entirely conclusory. And for these reasons, we asked you to affirm. Thank you. Thank you. Mr. Kirby, rebuttal. Regarding oath of office, it was raised in the appellant's brief, specifically at pages 18, 19, and 53 and 54. The defendants made no reply to it in their appellee's brief. Under the Norton case that we cite, in our reply brief, the defendants have waived the preservation argument. And the oath of office argument stands and stands alone as a basis to find standing. Under that basis, and as I pointed out at oral argument, he is required to certify something that requires him to violate federal law. As to the question of whether or not he can be exposed to criminal liability merely because he's also a state, or can't be because he's a state official, we're not aware of any case that holds that a state official cannot be criminally charged under a criminal statute if he violates criminal law. We're not aware that there's any immunity. The argument about the method with the machine was not raised in the record by the defendants regarding the supposed verification by machine. Destruction of documents, we did raise it because we complained about the fact that of the retention, the limited retention time permitted under the statute before the the... You're out of time, but you want to finish up, please? Yes. Even were this court not to agree on the credible threat of prosecution, the oath of office is an independent sole basis on which Article III standing can be supported under Richardson. It was waived by the defendants by not responding in their reply brief, or in their appellee's brief, and we respectfully ask this court to reverse the decision and order and judgment below, reinstate the amended complaint, and remand this case so that it may proceed on its merits to the question of whether the green light law violates not only 1324, but also Section 1373A, which this court found as applied, at least in that case, in State of New York versus Department of Justice, February 26, 2020, which was constitutional. Thank you. We will reserve decision.